## Case No. 16,964.

VIRGINIA v. LEAP.

[1 Cranch, C. C. 1.] [1]

Circuit Court, District of Columbia. April Term, 1801.

CRIMINAL LAW—ARREST OF JUDGMENT.

If upon a special verdict it does not appear that the offence was committed before the filing of the information, the judgment must be arrested.

Information [against Jacob Leap] for selling spirituous liquors contrary to the act of assembly of Virginia, 26th December, 1792, § 4 (Pleasant & Pace's Ed. of 1803, p. 203).

Mr. Simms, for defendant, moved in arrest of judgment, because it did not appear by the verdict that the fact was committed before the information was filed; and in support of his motion cited 2 Hawk. P. C. 334, and 4 Burrows, 2471. The verdict found the defendant guilty of retailing spirituous liquors in the month of March, without naming the day, and expressly found that there was no evidence of his retailing liquors on the day laid in the information. The information was filed in the same month of March. He admitted that the jury may find a general verdict, although the fact be not proved to have been done on the day laid in the information; but if the jury find specially, the court are bound to take notice of the fact as found.

Mr. Mason, for the United States. The day is not material. 2 Hawk. P. C. 335, § 81. A different day may be proved. 1 Hale, P. C. 361; 3 Inst. c. 104, Syer's Case, 230; Gilb. Ev. (Lofft, Dublin Ed. 1795) 870. The time laid in an indictment may be falsified to avoid a forfeiture.

THE COURT arrested the judgment on the ground that it did not appear by the verdict that the fact was committed before the information was filed.